UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY (COVINGTON)
CASE NO.

**STEVEN HELTON**  PLAINTIFF
10657 Williamswood Drive
Independence, Kentucky 41051

v.

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**
175 Berkeley Street
Boston, MA 02117

      Serve: Corporation Service Company
              421 West Main Street
              Frankfort, KY 40601

---

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND
ENFORCEMENT OF RIGHTS UNDER ERISA**

---

COMES NOW Plaintiff, Steven Helton, ("Helton" or "Plaintiff") by counsel, and makes the following representations to the Court, for purposes of obtaining relief from Defendant, Liberty Life Assurance Company of Boston's ("Liberty" or "Defendant"), refusal to pay long term disability ("LTD") benefits due under an ERISA employee benefits plan, and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked under 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject Benefit Plan constitutes "plan under ERISA."

1

2. The relevant portion of ERISA, 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1, provides a mechanism for administrative or internal appeal of benefits denials. In this case, Plaintiff has exhausted those avenues of appeal and this matter is now properly before this Court for judicial review.

3. Venue is proper in the Eastern District of Kentucky where Plaintiff resides and was employed, 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391, and where Defendant's final denial of benefits was communicated to Plaintiff and therefore, where the breach of contract took place.

## FACTS

4. Plaintiff was at all times relevant to this action and remains a resident, citizen and domiciliary of the Commonwealth of Kentucky.

5. Plaintiff was an employee of Toyota Motor Engineering & Manufacturing North America, Inc. ("Toyota"), at its Kentucky location.

6. Toyota maintained a long-term disability plan for its employees.

7. At all times relevant herein, Liberty Life Assurance Company of Boston ("Liberty") was responsible for maintaining claims for benefits under the Toyota Motor Engineering & Manufacturing long-term disability Insurance Policy (the "Plan"), and is and at all times relevant hereto was, an "employee welfare benefit plan" as defined by ERISA.

8. At all times relevant herein, Liberty was the party obligated to determine eligibility benefits under the Plan, and the party responsible for paying benefits to the claimants found to be disabled under the Plan.

9. At all times relevant herein, Liberty insured the benefits due and was the party obligated to pay any benefits owed to Plaintiff by the LTD Plan.

10. Liberty is an insurance company, authorized to and does transact insurance business in the Commonwealth of Kentucky, and may be served with process at its process agent registered with the Kentucky Department of Insurance: Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

11. While Plaintiff was an employee of Toyota, he purchased an LTD policy with and from Liberty, through his employment, and thus became a participant in or beneficiary of the Plan.

12. While covered under the terms of the Plan, Plaintiff ceased work and made an initial claim for benefits on July 22, 2015, due to symptoms, complications and impairment from chronic migraine headaches, new daily persistent headaches, cervical spondylosis and memory issues related to medication.

13. Plaintiff was no longer able to perform his employment duties and was covered under a policy of LTD insurance with Liberty, entitling him to benefits in sums that exceed the jurisdictional limits of this Court.

14. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

15. Plaintiff filed a claim for LTD benefits, and it was initially approved by Liberty.

16. Plaintiff received LTD benefits from the Plan effective January 20, 2016, through January 18, 2018.

17. The Policy definition of Disability changed effective January 18, 2018, requiring an inability to perform "Any Occupation."

18. Plaintiff was deemed totally and permanently disabled by the Social Security Administration of the United States of America.

19. On January 29, 2018, Liberty notified Plaintiff of its denial of his claim for Long Term Disability benefits as of January 19, 2018.

20. The denial decisions occurred through Liberty's Group Benefits Disability Claims office in London, Kentucky.

21. Liberty informed Plaintiff that he would no longer be receiving LTD benefits, finding that he does "not qualify for continuation of benefits, under the any occupation definition of disability." This is evidenced by letter, a copy of which is attached hereto as Exhibit "A."

22. Liberty determined that Plaintiff had the ability to perform the following occupations: Tax Accountant, Auditor, Compliance Manager, Budget Analyst, Credit Analyst, Supervisor, and Accounting Clerks.

23. Plaintiff asserted and exercised his timely right to appeal, completed on June 1, 2018, as evidenced by letter, a copy of which is attached hereto as Exhibit "B."

24. In his appeal, Plaintiff presented new medical records from his treatment at the Cleveland Clinic.

25. On October 5, 2018, Liberty advised Plaintiff that his appeal had been denied and the decision was final, as evidenced by letter, a copy of which is attached hereto as Exhibit "C."

26. In the denial letter, Liberty explained that it will "maintain decision to deny benefits beyond January 18, 2018." It also decided that "Mr. Helton does not meet the definition of disability from Any Occupation beyond January 18, 2018," and that "benefits continue to be denied."

27. Despite Plaintiff meeting all criteria for payment of LTD benefits under the Plan he purchased, Liberty, on behalf of Toyota, wrongfully terminated his benefits and wrongfully denied his appeal.

28. Since January 18, 2018, through the present time, Plaintiff has been eligible for LTD benefit pay as such is defined in the Liberty policy.

29. Plaintiff has fully complied with all required administrative claim processes and procedures, has been improperly and illegally denied benefits, the total sum of which exceeds the jurisdictional limits of this Court, exclusive of interests and costs.

30. Plaintiff brings this action against Defendant pursuant to §502(a) and § 502(e)(1) of ERISA, 29 U.S.C. § 1132(a) and all other avenues afforded him under ERISA.

31. This Court's standard of review for ERISA claims is *de novo* under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989).

32. The actions of Liberty in terminating Plaintiff's benefits were arbitrary, in violation of policy terms, and capricious.

33. Liberty, as the entity that made the decision to deny benefits, would also be the entity to pay the benefits due out of its own funds.

34. Liberty, as the entity that made the decision to deny benefits, was under a perpetual conflict of interest because such benefits would be paid out of its own funds.

35. Liberty, as the entity that made the decision to deny benefits, allowed its concern over its own funds to influence its decision-making.

## COUNT ONE

Plaintiff incorporates the allegations above as if fully restated and further says that:

36. Under the terms of the Plan and Policy, Defendant agreed to provide Plaintiff with LTD benefits in the event Plaintiff became disabled as defined by the Plan.

37. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

38. Plaintiff was receiving benefits which were then terminated by Defendant.

39. Plaintiff requested LTD benefits to continue, but said request was and continues to be denied.

40. Defendant failed to provide benefits due under terms of the Plan, and these denials of benefits to Plaintiff constitute a breach of the Plan.

41. The decisions to deny benefits were wrong under the terms of the Plan.

42. The decisions to deny benefits and decision-making process were arbitrary and capricious.

43. The decisions to deny benefits were not supported by substantial evidence in the record.

44. As an ERISA fiduciary, Defendant owed Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

45. Defendant violated the fiduciary duties owed to the Plaintiff.

46. As a direct and proximate result of Liberty's arbitrary and capricious actions, based on the evidence submitted to Liberty establishing that Plaintiff has met the Policy definition of eligibility for LTD benefit pay to continue beyond January 18, 2018, Plaintiff is entitled to payment of his monthly disability insurance payments retroactive to the date the payments were wrongfully ceased, and such benefits must be continued until Plaintiff recovers from his disability, death or becomes age 65, whichever comes first.

**WHEREFORE**, Plaintiff, Steven Helton, prays for the following relief:

1. A Judgment in Plaintiff's favor and against Defendant;

2. An Order requiring Defendant to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which Plaintiff is entitled pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. An Order requiring Defendant to pay Plaintiff prejudgment and post judgment interest on all benefits accrued;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled based on being disabled under the LTD plan in the future, so long as Plaintiff remains disabled under the terms of the Plan;

5. That the Court award Plaintiff his attorney fees pursuant to 29 U.S.C. § 1132(g);

6. That Plaintiff recover all relief to which he may be entitled, including costs and fees of the suit herein; and

7. Trial by jury on all issues so triable.

Dated this 15Th day of January, 2019.

Respectfully submitted,

/s/ Steven D. Jaeger
**Steven D. Jaeger, Esq. (KBA #92085)**
*Attorneys for Plaintiff*
The Jaeger Firm, PLLC
23 Erlanger Road
Erlanger, Kentucky 41018
Phone: (859)342-4500
Fax: (859)342-4501

## VERIFICATION

Plaintiff, Steven Helton, states that he has read the foregoing Complaint for Recovery of Plan Benefits and Enforcement of Rights Under ERISA and the statements contained therein are as he verily believes.

_____
Steven Helton, Plaintiff

COMMONWEALTH OF KENTUCKY

COUNTY OF KENTON

Subscribed and sworn to before me by Steven Helton this 15Th day of January, 2019.

_____
Notary Public
Notary ID: 542297
Commission Expires on: 10/4/2019